### GREEN v. FITCHBURG R. CO.

(Circuit Court of Appeals, First Circuit. January 22, 1903.)

No. 457.

1. BILL OF EXCEPTIONS—FEDERAL PRACTICE.

    The settlement of a bill of exceptions in a federal court is governed by the federal statutes and practice, and not by the statutes or practice of the states.

¶ 1. Conformity of practice in federal courts in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Insurance Co. v. Hall, 27 C. C. A. 392.

See Courts, vol. 13, Cent. Dig. § 937.

See (C. C.) 116 Fed. 928.

Daniel L. Smith, for petitioner.

Robert J. Fisher, for respondent.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

PER CURIAM.    This is not a petition for a writ of mandamus, but a petition to establish a bill of exceptions under the state practice of Massachusetts.   Rev. Laws Mass. c. 173, § 110.

It has been uniformly held by the federal courts that the settlement of bills of exceptions is governed by the federal statutes and the practice of the federal courts, and not by the practice of the several states. The question is reviewed by this court in the case of Railroad Co. v. Hyde, 5 C. C. A. 461, 56 Fed. 188.

Under this well-settled rule, we have no power to entertain a petition of this character.

The petition is dismissed, with costs for the Fitchburg Railroad Company.